Martin, J.
delivered the opinion of the court. 1 This case was before us in May, 1819, and July, 1820. 6 Martin. 567, 8 Id. 432. Since y *553 that, the pleadings have been amended, new . . evidence introduced, and the same judgment having been given in the district court, the defendant has again appealed.
East’n District.
May, 1822.
The new evidence does not appear to put the case in a very different point of view'.
The statement of facts now shews that the premises sold by the plaintiffs to the dant, and the price of which they now claim, were purchased by Mrs. De Armas’ first husband (J. W. Scott) before their marriage, and on his death, descended to their two sons.
That since her late marriage, the youngest of these sons died, and she inherited thereby one half of the premises; the other half of W'hich has since been adjudged to her, at the price of the valuation.
This last half, being an acquisition for a valuable consideration, was the proper subject of a sale by the plaintiffs. But the defendant contends, that the district court improperly declined to consider the other half, which Mrs. De Armas obtained by inheritance, on the death of her younger son, as dotal, under the marriage contract — in this the opinion of the court is with him.
It is urged that the defendant has nothing *554 to fear from the claim of Mrs. De Armas, un- . ... der her marriage contract, in which all the real estate which might accrue to her by inheritance, during her marriage, was declared to be dotal, as this marriage contract was not recorded according to the provisions of the act of 1813. 1 Martin's Digest, 702. This circumstance, which was not noticed at the first hearing of this cause, in 1819, is now pressed on us. We lately considered the effect of it in the case of Lafarge vs. Morgan & al. and are of opinion that the neglect of recording the contract, prevents its effect against a third party.
De Armas for the plaintiffs, Preston for the defendant.
It is not urged that the defendant had, at the time of the purchase, any knowlege that a part of the premises was dotal: this renders it useless to inquire whether a purchaser, with notice, may avail himself of the neglect to record. The circumstance of notice having reached him, after the price became payable, cannot affect a right fairly acquired.
For these reasons, it is ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.*

Porter, J, did not join in this opinion, having been of counsel ir the cause-